MOULTON v. ADAMS & a.

ADAMS v. MOULTON.

Where there is no claim that an alleged trust in land was created by a writing signed by the alleged trustee or by his attorney, or that it arose by implication of law, evidence that the land was taxed to the alleged trustee "for" the person claiming the trust is incompetent.

A set-off filed by a defendant in a writ of entry brought on a mortgage title should be rejected, if the defendant has. no interest in the demanded premises.

The first suit is a bill in equity, by John B. Moulton against Francis P. Adams, and Susan P. Adams, administratrix of the estate of Adam Brown, filed December 13, 1890.   The plaintiff alleges that certain real estate conveyed by the plaintiff to Adam Brown in 1874 was conveyed .without consideration, and in trust, to be reconveyed to the plaintiff; that Brown died November 27, 1880,

and was at the time of his decease indebted to the plaintiff in the sum of $8,311.99, which the defendants have repeatedly promised to pay, whereby he was induced to forbear bringing a suit against the administratrix within three years after her appointment.   The prayer of the bill is, that the conveyances of 1874 be decreed null and void, that the defendants reconvey to the plaintiff, and that the plaintiff recover of the administratrix the amount of his claim against Brown's estate.

The cause was heard upon bill, answer, and proofs, and, the evidence not being sufficient to establish a trust, or to show that the plaintiff was induced by the promises of the defendants to forbear bringing a suit for the recovery of his claim against the estate of Brown within three years after the appointment of the administratrix, the bill was dismissed.

The plaintiff offered to show by the assessors' books of Ossipee that the land in suit was, after 1874 and during the lifetime of Adam Brown, taxed to Brown " for J. B. Moulton," as tending to show an agreement between Brown and Moulton as to the title to the land.   The evidence was rejected, and the plaintiff excepted.

Brown died November 27, 1880, intestate.   The defendant, Susan P. Adams, his only child and heir-at-law, was appointed administratrix, and duly advertised her appointment March 5, 1881.   In 1883 and 1888 she conveyed the lands in suit to the other defendant, her husband, who has since held the title.

The second case is a writ of entry, by Francis P. Adams against John B. Moulton, dated March 28, 1890, to foreclose a mortgage dated September 2, 1871, given by the defendant to Adam Brown to secure the defendant's promissory note for $1,000.   Plea, the general issue, with a brief statement that Brown at his decease was indebted to the defendant in a sum exceeding the amount due on the note, which sum the defendant claims the right to set off.

Facts found by the court.   September 2, 1871, the defendant gave Brown the mortgage in suit to secure his promissory note for $1,000; Brown died November 27, 1880; Susan P. Adams, administratrix of his estate, assigned the note and mortgage to the plaintiff February 24, 1889.

The defendant gave a subsequent mortgage of the same premises to one John Moulton, and afterwards, on December 4, 1874, conveyed his equity of redemption to Brown.

The plaintiff moved to reject the brief statement.   The motion was granted, and the defendant excepted.

*John B. Nash*, for Moulton.

*Frank Weeks* and *J. A. Edgerly*, for the Adamses.

BLODGETT, J.   " No trust concerning lands, except such as may arise or result by implication of law, shall be created or declared

unless by an instrument signed by the party creating the same or by his attorney." G. L., *c.* 135, *s.* 13.

Upon the facts stated, no trust arises in this case by implication of law, and the proffered evidence fails to show any written trust such as the statute requires.

The set-off in the second suit was properly rejected. The defendant has no interest in the mortgaged premises, and, moreover, if the deceased was indebted to him, as he alleges, the right to enforce such indebtedness long since became barred by the statutes of limitation.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.